ROBERT KENDALL and other, plaintiffs in error, vs. ISAAC DOCTOR, defendant in error.—*Judgment affirmed.* J. L. BROWN, for plaintiffs in error; J. H. MARTINDALE, for defendant in error.

This was an action of trespass, assault and battery. The defendants pleaded the general issue. The evidence showed that one Lusk, a deputy sheriff, with the defendants Kendall and others, went to the Indian sawmill (so called,) which was in possession of one Waldron, as tenant, the business being carried on by Waldron and others, including the plaintiff, Doctor, (who as it appeared were all Indians,) for the purpose of re-

moving Waldron and all others found there from possession, by virtue of a warrant of possession issued by the first judge of Genesee County Courts, on behalf of Fellows, the owner of the mill. It appeared that Doctor and some of the others resisted Lusk in attempting to take the saw from the mill, when Lusk drew a pistol and pointed it at Doctor, saying he was in discharge of his duty, in executing process and they must not interfere; whereupon all the Indians withdrew from the saw-mill. The ground upon which the warrant issued was that the tenant was holding over without permission.

No justification under the warrant was pleaded by the defendants. The cause was tried upon the general issue. The circuit judge charged the jury, 1st, That if Deputy Sheriff Lusk used his pistol to intimidate the plaintiff (Doctor) but without any real intention to do him bodily injury, the act was an assault. 2d. That so far as the warrant was concerned, it was as though the defendants were at the mill without authority, with reference to the question whether a justification had been made out. 3d. That the delivery of the warrant to the officer to be executed would make the defendant Fellows, liable for all the acts of the deputy sheriff while in the due execution of it, unless the officer transcended the directions contained in it. 4th. That although the plaintiff had received no actual injury to his person, yet in his opinion the case was one which did not call for merely nominal damages, should they find for the plaintiff, but that he did not regard it as a case calling for heavy damages, still the question of damages was one peculiarly for the jury and in relation to which he could not control them. The jury found a verdict for the plaintiff for $400 damages. The case was brought into the new Supreme Court of the 8th judicial district and decided at December term, 1847; new trial denied. No written opinion appears in the case. (Not reported.)